IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02438-PAB-BNB

ALVIN MOSCH,
PATRICIA C. MOSCH, and
DAVID K. MOSCH, each individually and d/b/a MOSCH MINING COMPANY,

Plaintiffs,

v.

JOHN HENRY, a/k/a JOHN T. HENRY a/k/a JOHN L. HENRY,
UNITED STATES REAL ESTATE CORPORATION, and any one claiming by or through any
of the named persons,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on:

1.   The plaintiffs' **Motion to Enter Judgement [sic] on Default** [Doc. #46, filed

12/02/2011] (the "Motion for Default Judgment");

2.   An untitled filing by defendant Henry [Doc. #47, filed 12/06/2011], which I construe

as an Answer;[1]

3.   Defendant Henry's **Motion to Object to Enter Judgement [sic] on Default** [Doc.

#48, filed 12/07/2011], which I construe as a Motion to Set Aside Entry of Default; and

4.   A motion filed by the plaintiffs titled **Petitioners' Motion to Strike [47] Motion to**

**Dismiss** [Doc. #51, filed 12/16/2011] (the "Motion to Strike").

_____

[1]The filing was docketed as a motion to dismiss.  Because I construe it as an Answer, and
not as a motion to dismiss, the plaintiffs' Motion to Strike [Doc. # 51] is denied as moot.

I respectfully RECOMMEND that the plaintiffs' Motion for Default Judgment [Doc. #

46] be GRANTED IN PART and DENIED IN PART; and defendant Henry's Motion to Set

Aside Entry of Default [Doc. # 48] be GRANTED.  In addition, the plaintiffs' Motion to Strike

[Doc. # 51] is DENIED.

As a preliminary matter, defendant John Henry is proceeding *pro se*, and I must liberally

construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate

for a *pro se* litigant, however, who must comply with the fundamental requirements of the

Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

On November 29, 2011, the Clerk of the Court entered default pursuant to Fed. R. Civ. P.

55(a) against defendants John Henry a/k/a John T. Henry a/k/a John L. Henry, and United States

Real Estate Corporation.  The events leading up to the entry of default are as follows:

1.   On August 18, 2011, the plaintiffs initiated an action in the District Court for the

County of Clear Creek by filing a "Petition for Order to Show Cause Why Documents Should

Not Be Declared Invalid" (the "Petition").  On September 15, 2011, the action was removed

from the state court pursuant to 28 U.S.C. § 1332 based on diversity jurisdiction.  *Notice of*

*Removal* [Doc. # 1].

2.   On September 22, 2011, Elizabeth Starrs and Susan Barnhardt entered their

appearances on behalf of both defendants by filing a Stipulation pursuant to D.C.COLO.LCivR

6.1A [Doc. #7] extending the defendants' response date to October 13, 2011.

3.   On October 7, 2011, Messes. Starrs and Barnhardt filed a motion to withdraw as

attorneys for the defendants [Doc. #15].

4.   On October 13, 2011, Messes. Starrs and Barnhardt filed a "Motion for Extension of

Time to Respond to Petition" [Doc. #21] on behalf of the defendants.  The motion states in part:

> On October 7, 2011, Elizabeth A. Starrs and Susan Bernhardt filed
> a Motion to Withdraw as Attorneys for Defendants.  The Motion to
> Withdraw stated that counsel had been informed that good cause
> existed for withdrawal, including the fact that counsel had been
> informed that another lawyer, Charles Shelton, would be appearing
> for Defendants.
>
> The undersigned were informed today that Mr. Shelton will not be
> entering an appearance and, consequently, will not be filing a
> response to the Petition.  The undersigned also were informed that
> Defendants are in the process of engaging other counsel to
> represent them in this matter.

5.   On November 2, 2011, I held a hearing on the motion to withdraw and the motion for

extension of time.  Messes. Starrs and Barnhardt were granted leave to withdraw, and the

defendants were granted a further extension of time, to and including November 9, 2011, within

which to answer or otherwise respond to the Petition.  *Order* [Doc. # 27] at p. 2.  I required that

"[s]ubstitute counsel for the defendants shall enter its appearance, if at all, on or before

November 9, 2011," and I set a scheduling conference for November 14, 2011.  Id.  In addition, I

found that Mr. Henry was engaged in conduct for the improper purpose of delay.  Id.

6.   No counsel entered its appearance on November 9, 2011, but John Schlie, a member

of this bar of this court, appeared at the November 14 scheduling conference and indicated his

intention to enter his appearance for the defendants.  See Order [Doc. # 33].  I ordered that Mr.

Schlie enter his appearance, if at all, not later than November 18, 2011.  Id.  Mr. Schlie did not

enter his appearance.

7.   On November 23, 2011, Mr. Henry filed a letter [Doc. # 37] seeking another extension

of time to answer or otherwise respond to the Petition.  I denied Mr. Henry's request [Doc. #43]

for an extension of time on November 28, 2011, stating:

The Motion for Extension appears to be made on behalf of both defendants.  Mr. Henry is a natural person and may proceed pro se. United States Real Estate Corporation, by contrast, is a legal entity and may appear only through counsel admitted to practice before this court.  D.C.COLO.LCivR 83.3D (noting that an entity "cannot appear without counsel admitted to practice before this court"); Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993)(stating that corporations cannot appear in federal court "otherwise than through a licensed attorney"); Harrison v. Wahatoyas, LLC, 253 F.3d 552, 556 (10th Cir. 2001)(noting that "a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se").  For this reason, the Motion for Extension is DENIED insofar as it seeks an extension on behalf of the corporate defendant, United States Real Estate Corporation.

Mr. Henry seeks an extension to respond to the complaint, arguing that it is required because he has been unable to retain counsel; is in ill health; due to misconduct of a person named Tom Weins; because he has been overwhelmed by the plaintiffs' Rule 26(a)(1) disclosures; and based on the complexity of the case.  The excuses are unavailing.  Mr. Henry has demonstrated the ability to contact counsel; he simply cannot persuade them to enter an appearance or to remain as counsel of record.  Whether that is the result of his failure to pay his lawyers or for some other reason, it does not justify delaying these proceedings indefinitely.  Mr. Henry has already received extensions of approximately 60 days, largely to allow him to retain counsel.  There is no reason to believe that an additional extension will result in Mr. Henry successfully retaining counsel.

I am sympathetic to Mr. Henry's health problems.  That excuse cannot form the basis for an indefinite extension, however.  If Mr. Henry is not able to represent himself, he must engage counsel or seek the appointment of a conservator to manage his affairs, or he may default.

The alleged misconduct of Tom Weins may give rise to claims against him, or perhaps he should be designated as a non-party at fault under Colorado law.  That misconduct is not a basis to further delay the case.

My suspicion of dilatory motive has been confirmed by this Motion for Extension.  Mr. Henry must defend this case,

personally or through counsel, or he may default, but he cannot indefinitely postpone the matter to the prejudice of the plaintiffs.

IT IS ORDERED that the Motion for Extension [Doc. # 37] is DENIED.

8.   The Clerk of the Court entered default [Doc. #44] against Mr. Henry and United States Real Estate Corporation on November 29, 2011.

Mr. Henry filed the Answer on December 6, 2011, and the Motion to Set Aside Entry of Default on December 7, 2011.  The Answer and Motion to Set Aside are rambling and sometimes incomprehensible.  However, it is clear that Mr. Henry seeks to set aside the entry of default and to defend this action.  He asserts several defenses, including laches, expiration of the limitation period, and lack of standing.

Rule 55(c), Fed. R. Civ. P., provides that a court may set aside an entry of default "[f]or good cause shown."  The principal factors in determining whether a defendant has met the good cause standard are: (1) whether the default is the result of culpable conduct of the defendant; (2) whether the plaintiff will be prejudiced if the entry of default is set aside; and (3) whether the defendant has presented facts which may establish a meritorious defense.  Hunt v. Ford Motor Co., 65 F.3d 178 (Table), 1995 WL 523646, at *3 (10th Cir. August 29, 1995).

I have already found that Mr. Henry engaged in conduct for the improper purpose of delay.  I find that Mr. Henry is solely responsible for his default.

Nevertheless, there is no evidence that the plaintiffs will be prejudiced if the default against Mr. Henry is set aside.  Mr. Henry answered the Petition and moved to set aside the default within a week of its entry.  Moreover, Mr. Henry asserts numerous arguments which, if true, would constitute a meritorious defense.

Entry of default is a harsh sanction, contrary to the preferred policy of the resolution of disputes on the merits.  Rupliger v. Rains, 946 F.2d 731, 732 (10th Cir. 1991).  Consequently, a default normally is appropriate only where the adversary process has been halted because of an essentially unresponsive party.  Id.  That is not the case with Mr. Henry.  I recommend that the entry of default against Mr. Henry be set aside and that the Motion for Default Judgment against him be denied.

Defendant United States Real Estate Corporation, however, has not defended this case. On October 7, 2011, the defendants' counsel notified them of the following:

> United States Real Estate Corporation, as a corporation, is not permitted to represent itself and appear without counsel who is admitted to practice before the United States District Court for the District of Colorado.  As a result, substitute counsel will be required to timely enter his or her appearance.  ***Absent substitute counsel's timely entry of appearance, all pleadings, motions, and other papers may be stricken, and default judgment or other sanctions may be imposed against United States Real Estate Corporation.***

*Notice to Defendants Regarding Withdrawal as Attorneys for Defendants* [Doc. #16], ¶ 2 (emphasis in original).

On November 28, 2011, I told Mr. Henry [Doc. #43] that the corporation may appear only through counsel admitted to practice before this court.  These warnings notwithstanding, no counsel has entered an appearance for the corporation since Messes. Starrs and Barnhardt were permitted to withdraw from its representation.  Therefore, defendant United States Real Estate Corporation remains in default and is subject to entry of default judgment.

The entry of default judgment is governed by Rule 55(b), Fed. R. Civ. P., which provides in relevant part:

**(b) Entering a Default Judgment.**
**(2)** *By the Court.* In all other cases [not subject to subpart (b)(1)], the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
**(A)** conduct an accounting;
**(B)** determine the amount of damages;
**(C)** establish the truth of any allegations by evidence; or
**(D)** investigate any other matter.

A trial court is vested with broad discretion in deciding whether to enter a default

judgment. Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987). "Once the default has

been established, defendant has no further standing to contest the factual allegations of plaintiff's

claim for relief." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688

at p. 63; accord Olcott v. Delaware Flood Co., 327 F.3d 1115, 1125 n.11 (10th Cir. 2003)(stating

that "[a]fter an entry of default, a defendant cannot defend a claim on the merits"). In addition:

> Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. . . . Once the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded.

10A Wright, Miller & Kane, supra.

The plaintiffs seek the "relief requested in the petition filed in this matter." *Motion for*

*Default Judgment*, p. 1. In their Petition, the plaintiffs request the issuance of an order to show

cause and a hearing as provided by section 38-35-204, C.R.S.; attorney fees; and costs. *Petition*,

p. 4.

Section 204 provides:

> 1) Any person whose real or personal property is affected by a recorded or filed lien or document that the person believes is a spurious lien or spurious document may petition the district court in the county or city and county in which the lien or document was recorded or filed or the federal district court in Colorado for an order to show cause why the lien or document should not be declared invalid. The petition shall set forth a concise statement of the facts upon which the petition is based and shall be supported by an affidavit of the petitioner or the petitioner's attorney. The order to show cause may be granted ex parte and shall:
>
> > (a) Direct any lien claimant and any person who recorded or filed the lien or document to appear as respondent before the court at a time and place certain not less than fourteen days nor more than twenty-one days after service of the order to show cause why the lien or document should not be declared invalid and why such other relief provided for by this section should not be granted;
> >
> > (b) State that, if the respondent fails to appear at the time and place specified, the spurious lien or spurious document will be declared invalid and released; and
> >
> > (c) State that the court shall award costs, including reasonable attorney fees, to the prevailing party.
>
> (2) If, following the hearing on the order to show cause, the court determines that the lien or document is a spurious lien or spurious document, the court shall make findings of fact and enter an order and decree declaring the spurious lien or spurious document and any related notice of lis pendens invalid, releasing the recorded or filed spurious lien or spurious document, and entering a monetary judgment in the amount of the petitioner's costs, including reasonable attorney fees, against any respondent and in favor of the petitioner. A certified copy of such order may be recorded or filed in the office of any state or local official or employee, including the clerk and recorder of any county or city and county and the Colorado secretary of state.

(3) If, following the hearing on the order to show cause, the court
determines that the lien or document is not a spurious lien or
spurious document, the court shall issue an order so finding and
enter a monetary judgment in the amount of any respondent's costs,
including reasonable attorney fees, against any petitioner and in
favor of the respondent.

The plaintiffs further seek a permanent injunction against the defendants "and anyone

claiming through them from further recordation of inaccurate and forged documents affecting

title to Petitioners' properties." *Petition*, p. 4.

The plaintiffs have set forth in their Petition a concise statement of facts supporting their

belief that their property is affected by spurious documents recorded by the defendants.  These

facts are supported by an affidavit and an amended affidavit of plaintiff Alvin Mosch [Docs.

#46-1 and #54] and several exhibits attached to the Petition.

Section 38-35-204 contemplates an expedited procedure for removing spurious

encumbrances to real property.  Accordingly, a show cause order should issue and a hearing

should be set pursuant to the statute to determine if Mr. Henry recorded or filed spurious

documents and to determine if Mr. Henry or United States Real Estate Corporation are liable for

costs and attorney fees under the statute.

IT IS ORDERED:

1.  The filing by defendant Henry [Doc. #47]  is construed as an Answer to the Petition.

2.  Defendant Henry's Motion to Object to Enter Judgement on Default [Doc. #48] is

construed as a Motion to Set Aside Entry of Default.

3.  The plaintiffs' Motion to Strike [Doc. #51] is DENIED.

Further, I respectfully RECOMMEND:[2]

1.   The Motion to Set Aside Entry of Default [Doc. # 48] be GRANTED, and the default

entered against John Henry a/k/a John T. Henry a/k/a John L. Henry be set aside.

2.   The Motion for Default Judgment [Doc. #46] be GRANTED IN PART and DENIED

IN PART as follows:

       • GRANTED as to defendant United States Real Estate Corporation; and

       • DENIED as to defendant Mr. Henry.

3.   A show cause order be issued and a hearing be conducted pursuant to section 38-35-

204, C.R.S.

Dated July 20, 2012.

                           BY THE COURT:

                           s/ Boyd N. Boland
                           United States Magistrate Judge

---

[2] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).