IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02438-PAB-BNB

ALVIN MOSCH,
PATRICIA C. MOSCH,
DAVID K. MOSCH,
Each Individually and dba Mosch Mining Company,

    Plaintiffs,

v.

JOHN HENRY, aka John T. Henry, aka John L. Henry,
UNITED STATES REAL ESTATE CORPORATION, and
any one claiming by or through any of the named persons,

    Defendants.

---

# ORDER

---

    This matter is before the Court on the Recommendation of United States Magistrate Judge and Order (the "Recommendation") [Docket No. 59] filed on July 20, 2012.[1] The magistrate judge recommends that the Court grant in part and deny in part plaintiffs' motion for default judgment [Docket No. 46] and grant defendant John Henry's motion to set aside entry of default [Docket No. 48]. The magistrate judge further recommends that the Court issue an order to show cause and hold a hearing pursuant to Colo. Rev. Stat. § 38-35-204. The magistrate judge also denied plaintiffs' motion to strike [Docket No. 51] and construed plaintiff's December 6, 2011 filing [Docket No. 47] as his answer rather than as a motion to dismiss.

---

    [1]The document is actually entitled Recommendation of United States Magistrate Judge and Order. Plaintiffs, however, have not filed an objection to the magistrate judge's order denying plaintiffs' motion to strike [Docket No. 51].

In the weeks since the filing of the Recommendation, Mr. Henry has filed numerous documents, many of which appear to be objections to the Recommendation. The Court notes that many, if not all of these documents, violate the Local Rules of this District.  *See* D.C.COLO.LCivR 10.1G ("All papers and signatures shall be legible."); 10.1J (outlining the requirements for captions); 10.1K (informing parties of the requirements for signature blocks).  Furthermore, many of the documents were untimely, *see* Fed. R. Civ. P. 72(b),[2] and cumulatively violated the page limitations imposed by this Court's Practice Standards.  *See* Practice Standards (Civil cases), Judge Philip A. Brimmer § III.A.  Finally, to the extent the documents seek to have the entry of default against Mr. Henry set aside, they do not appear to acknowledge that the magistrate judge recommended exactly that.  The Court, however, liberally construes the documents Mr. Henry filed in a timely manner and which do not cumulatively violate the page limitations imposed by this Court's Practice Standards as objections to the magistrate judge's order construing Mr. Henry's December 6, 2011 filing as his answer.[3] *See* Docket No. 64 at 3 ("Again I make a motion to have the suit stricken and dismissed with prejud[ice].").  The Court identifies nothing that is "clearly erroneous or is contrary to law," Fed. R. Civ. P. 72(a), in regard to that order.

There have been no other objections filed regarding the magistrate judge's

---

[2] *See* Practice Standards (Civil cases), Judge Philip A. Brimmer § III.C.2. ("Untimely or noncomplying objections, responses, or replies may be denied without prejudice, stricken, or ignored.").

[3] Mr. Henry is not represented by an attorney.  Therefore, the Court will construe his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a pro se litigant.  *See Hall*, 935 F.2d at 1110.

recommended disposition of this matter.[4]  In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  See Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  The magistrate judge recommends that the Court set aside the entry of default as to Mr. Henry and that plaintiffs' motion for default judgment be denied as to Mr. Henry.  The magistrate judge further recommends that the Court issue an order to show cause and conduct a hearing pursuant to Colo. Rev. Stat. § 38-35-204.  The Court has reviewed the Recommendation and has satisfied itself that there is "no clear error on the face of the record" in regard to these matters.[5]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

In this case, the magistrate judge has been designated to, inter alia, "[c]onduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on dispositive motions."  Docket No. 49 at 1.  The Court will therefore refer to the magistrate judge the tasks of issuing an order to show cause

---

[4]To the extent Mr. Henry seeks to represent the interests of defendant United States Real Estate Corporation, he is not entitled to do so.  See D.C.COLO.LCivR 11.1A ("Only pro se individual parties and members of this court's bar may appear or sign pleadings, motions, or other papers.  Any pleading, motion, or paper listing in a signature block, or purporting to enter an appearance by, any other person, partnership, professional corporation, limited liability company, or other entity may be stricken.").

[5]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

and conducting a hearing pursuant to § 38-35-204.

Because Mr. Henry will be afforded the opportunity to present defenses at the hearing which may go the merits of plaintiffs' allegations against both defendants, however, the Court believes that it is premature to grant plaintiffs' motion for default judgment as to defendant United States Real Estate Corporation ("USREC").[6]  The Court, therefore, will not accept that aspect of the Recommendation.  Nevertheless, the entry of default against USREC, which has not participated in this action, remains in place.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 59] is ACCEPTED in part and the Order therein is AFFIRMED.  It is further

**ORDERED** that the motion to set aside default [Docket No. 48] filed by defendant John Henry is GRANTED and the default entered against Mr. Henry is set aside.  It is further

**ORDERED** that plaintiffs' motion for default judgment [Docket No. 46] is DENIED in part and DENIED without prejudice as premature in part.  It is further

**ORDERED** that plaintiff's December 6, 2011 filing [Docket No. 47] has been construed as his answer and should not appear in the docket as a motion to dismiss.  It is further

---

[6]The decision to enter default judgment is "'committed to the district court's sound discretion . . . .'"  *Olcott v. Del. Flood Co.,* 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 771 (10th Cir. 1997)).  When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits."  *Ruplinger v. Rains,* 946 F.2d 731, 732 (10th Cir. 1991) (quotations marks and citations omitted).

**ORDERED** that, pursuant to the order of referral in this case [Docket No. 49], the magistrate judge may issue an order to show cause and conduct a hearing pursuant to Colo. Rev. Stat. § 38-35-204.

DATED August 27, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge