IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02438-PAB-BNB

ALVIN MOSCH,
PATRICIA C. MOSCH,
DAVID K. MOSCH,
Each Individually and dba Mosch Mining Company,

    Plaintiffs,

v.

JOHN HENRY, aka John T. Henry, aka John L. Henry,
UNITED STATES REAL ESTATE CORPORATION, and
any one claiming by or through any of the named persons,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 144] filed on November 6, 2012. The magistrate judge recommends that the Court (1) declare seven documents that defendant John Henry recorded in Clear Creek County, Colorado to be spurious and invalid under Colo. Rev. Stat. § 38-35-201(3) and (2) release those documents pursuant to Colo. Rev. Stat. § 38-35-204(2).[1]  Docket No. 144 at 9.  The magistrate judge further recommends that the Court deny plaintiffs' request for a permanent injunction and award plaintiffs attorney's fees and costs.  On November 23, 2012, Mr.

---

[1] The magistrate judge found that the documents bearing the reception numbers 234546, 234547, 234548, 235276, 248446, 258531, and 260614 are spurious.  Docket No. 144 at 9, ¶ 19a.

Henry filed timely objections [Docket No. 149] to the recommendation.[2]  No other objections have been filed to the Recommendation.

In light of defendant's pro se status, the Court reviews his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).  However, the Court may not act as a pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] [filings] or construct a legal theory on [his] behalf."  *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  FED. R. CIV. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See*

---

[2] On December 10, 2012, Mr. Henry filed an untimely addendum to his objections.  Docket No. 150.  The Tenth Circuit applies a "firm waiver rule" pursuant to which courts disregard responses to a magistrate judge's recommendation that are not timely filed.  *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008).  There are two exceptions: "when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review."  *See id*. (internal citations omitted).  The first exception does not apply here, as Mr. Henry states in his objections that "[f]ourteen days places an undue burden and stress on an ill man of 85," signaling his awareness of the filing deadline.  Docket No. 149 at 2.  The second exception does not apply either, as Mr. Henry has not shown that the interests of justice require the Court to consider the addendum.  Accordingly, the Court will not consider the addendum in reviewing the Recommendation.

*Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

Underlying facts are set forth in the Recommendation and will not be restated here. Mr. Henry objects to the exclusion of a number of documents that he filed three days before or in the six weeks following the evidentiary hearing held on September 27, 2012. Docket Nos. 114, 116-118, 120-124, 126-130, 133-140 (filed between September 24, 2012 and November 13, 2012). The magistrate judge properly excluded these from review, given that their untimely filing deprived plaintiffs of a chance to respond.[3] *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (declining to consider arguments raised late because doing so would "rob[]" the opposing party of an "opportunity to demonstrate that the record does not support [a party's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result."); *see also* Practice Standards (Civil cases), Judge Philip A. Brimmer § III.C.2. ("Untimely or noncomplying objections . . . may be denied without prejudice, stricken, or ignored."). Moreover, Mr. Henry has not offered any explanation as to why he was unable to file these documents prior to the evidentiary hearing.

Mr. Henry's remaining objections consist of unsubstantiated allegations, *see, e.g.*, Docket No. 149 at 3 ("The only documents ever altered or forged were altered or

---

[3] The Court notes that many, if not all, of these documents violate the Local Rules of this District. *See* D.C.COLO.LCivR 10.1G ("All papers and signatures shall be legible."); 10.1J (outlining the requirements for captions); 10.1K (informing parties of the requirements for signature blocks).

forged by the Mosch Mining Co."), information that supports plaintiffs' argument, *see, e.g.*, Docket No. 149 at 3 ("I gave the Sunshine Lode back to Alvin Mosch because he was weeping and said he made a mistake, and that he was about to lose his family, so I had Mr. Shelton convey it back to him"), vague threats, *see, e.g.*, Docket No. 149 at 5 ("All of these tactics are going to fall on someone like a ton of bricks and the truth will come out"), and irrelevant speculation, *see, e.g.*, Docket No. 149 at 7 ("I cannot help but believe the big push is the increase in the price of gold per ounce").  Mr. Henry's objections are not sufficiently specific to allow the Court to "focus attention on those issues" that are "at the heart of the parties' dispute" and thus do not constitute proper objections.  *See Thomas*, 474 U.S. at 147.

The Court has reviewed the substantive discussions in the Recommendation and has found that there is "no clear error on the face of the record,"[4] *see* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 144] is ACCEPTED and the Order therein is AFFIRMED.

DATED January 28, 2013.

                                  BY THE COURT:

                                  s/Philip A. Brimmer
                                  PHILIP A. BRIMMER
                                  United States District Judge

---

[4] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).