IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02438-PAB-BNB

ALVIN MOSCH,
PATRICIA C. MOSCH, and
DAVID K. MOSCH, each individually and d/b/a MOSCH MINING COMPANY,

Plaintiffs,

v.

JOHN HENRY, a/k/a JOHN T. HENRY a/k/a JOHN L. HENRY,
UNITED STATES REAL ESTATE CORPORATION, and any one claiming by or through any of the named persons,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on the plaintiffs' **Motion to Enter Judgment for Attorneys' Fees and Expenses Incurred** [Doc. # 155, filed 2/7/2013] (the "Motion for Attorney Fees"). I respectfully RECOMMEND that the Motion for Attorney Fees be granted in part as specified and that the plaintiffs be awarded attorney fees in the amount of $49,550.00.[1]

This action is brought pursuant to section 38-35-204, C.R.S., seeking to have spurious liens and documents clouding title to property declared invalid. The statute allows for the award of attorney fees to a prevailing plaintiff as follows:

> If, following the hearing on the order to show cause, the court determines that the lien or document is a spurious lien or spurious document, the court shall make findings of fact and enter an order

---

[1] Rule 54(d)(2)(D), Fed. R. Civ. P., provides that the court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive matter."

>       and decree declaring the spurious lien or spurious document and
>       any related notice of lis pendens invalid, releasing the recorded or
>       filed spurious lien or spurious document, and entering a monetary
>       judgment in the amount of the petitioner's costs, including
>       reasonable attorney fees, against any respondent and in favor of the
>       petitioner.

Section 38-35-204(2), C.R.S.

On September 9, 2013, I entered an Order to Show Cause [Doc. # 105] commanding the defendants to demonstrate why the alleged spurious documents should not be declared invalid. On November 6, 2012, following a hearing, I found that the documents were spurious and recommended that they be held invalid and be released. Recommendation [Doc. # 144]. The district judge adopted my Recommendation on January 28, 2013, Order [Doc. # 152], and judgment consistent with my Recommendation and the district judge's Order entered on February 6, 2013. Final Judgment [Doc. # 153]. Among other things, the Final Judgment provides that the "Plaintiffs are **AWARDED** reasonable attorney fees upon motion pursuant to D.C.COLO.LCivR 54.3" and "costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1." Id.

The plaintiffs filed the Motion for Attorney Fees [Doc. # 155] on February 7, 2013. The defendants responded on February 27, 2013. Response [Doc. # 161]. The Response is signed by John T. Henry, and is purportedly made on his behalf *pro se* and on behalf of U.S. Real Estate Corporation. Id. As a preliminary matter, defendant John Henry is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as an advocate for a *pro se* party, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). In addition, Mr. Henry is not a lawyer and not a member of the bar of this court,

and he may not act on behalf of the corporate defendant, U.S. Real Estate Corporation. 28 U.S.C. § 1654; D.C.COLO.LCivR 11.1A; <u>Wallic v. Owens-Corning Fibreglass Corp.</u>, 40 F. Supp. 2d 1185, 1188 (D. Colo. 1999) (stating that "a corporate defendant . . . [may] only appear by counsel admitted to the bar of this court").

In any event, the Response generally does not address the merits of the Motion for Attorney Fees. It states only:

> Respondents, John T. Henry and United States Real Estate Corporation hereby deny the allegations contained in petitioner's motion. Further, respondents seek authority to take deposition of Mr. Richard L. Garnett as it relates to substance of his attorney's fee, petition, and his affidavit.

Response [Doc. # 161]. Mr. Henry has attached to the Response numerous documents that appear to have no relevance to the attorneys fee issue.

Local rule of practice 7.1C, D.C.COLO.LCivR, provides, in relevant part, that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." Mr. Henry's motion to depose Mr. Garnett violates the local rule because it is included in his Response. Consequently, that request is denied.

The plaintiffs failed to seek their costs in the manner specified by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1, as required by the Final Judgment [Doc. # 153]. The request for costs is therefore denied.

I turn finally to the Motion for Attorney Fees [Doc. # 155]. It is supported by an affidavit [Doc. # 155-1] (the "Garnett Aff.") that includes a detailed description of the services rendered, the amount of time spent, the hourly rate, the total amount claimed, and plaintiffs' counsel's qualifications and experience, all as required by D.C.COLO.LCivR 54.3.

In calculating a reasonable attorney's fee, I apply the lodestar principles stated in Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonably hourly rate." Id.(internal quotations and citation omitted).

**1.     Reasonable Time Expended**

The first step in calculating a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. The burden of proof lies with the prevailing party seeking fees. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).[2]

The plaintiffs' attorney, Richard Garnett, has itemized the tasks performed and the time required for those tasks. The itemization reflects a total of 205.4 hours of time expended in connection with this case. I have reviewed the time itemization and find that the following time was necessarily and reasonably expended in the prosecution of the case and is properly presented in the supporting affidavit:

---

[2]As the Supreme Court instructed in Fox v. Vice, 131 S. Ct. 2205, 2216 (2011), "trial courts need not, and indeed should not become green-eyeshade accountants" when determining a fee application. "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." Id.

| | |
|---|---|
| • Client meetings and communications | 29.3 hours |
| • Factual investigation | 20.7 |
| • Legal research | 6.4 |
| • Drafting pleadings | 54.2 |
| • Communications with defendants | 25.3 |
| • Preparation for show cause hearing | 33.1 |
| • Court appearances and communications with court staff | 19.4 |
| • Preparation of Motion for Attorney Fees | 7.0 |
| TOTAL | 195.4 hours |

I have disallowed 10 hours claimed by the plaintiffs for "all of the other tasks attendant to representing a plaintiff in a civil action that starts out in a Colorado District Court and is subsequently removed to the United States District Court," Garnett Aff. [Doc. # 155-1] at ¶4(8), because it is not sufficiently detailed as required by D.C.COLO.LCivR 54.3B(1).

**2. Reasonable Hourly Rate**

The plaintiff claims attorney fees at a rate ranging from $250 to $300 per hour. Specifically, the Garnett Aff. [Doc. # 155-1] specifies that "Affiant charged $250.00 per hour for his time until January 1, 2013, at which time Affiant increased his rate to $300.00 per hour." Id. at ¶3. Unfortunately, the affidavit does not specify what time was expended prior to January 1, 2013, and what was expended thereafter. Consequently, I will assume that all time claimed was billed prior to January 1, 2013, except that expended on the Motion for Attorney Fees which clearly occurred after the entry of the Final Judgment on February 6, 2013.

The plaintiff bears the burden of establishing that the rate is reasonable. Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002). "A reasonable rate is the prevailing market rate in the relevant community." Id. A trial court may use its own knowledge in determining a reasonable rate. Id. at 1079. See Praseuth v. Rubbermaid, Inc., 406

F.3d 1245, 1259 (10th Cir. 2005)(approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience" practicing in the relevant market). I find that a rate ranging from $250 to $300 per hour is reasonable for a lawyer of Mr. Garnett's training and experience and in connection with a case of this nature.

Multiplying the number of hours reasonably incurred by the reasonable hourly rate charged by plaintiffs' counsel results in the following:

**(188.4 hours x $250.00 per hour) + (7 hours x $350.00 per hour) = $49,550.00**.

I find that a fee of $49,550.00 is reasonable and appropriate in this case.

I respectfully RECOMMEND that the Motion for Attorney Fees [Doc. # 155] be GRANTED in part as specified and that the plaintiff s be awarded their reasonable and necessary attorney fees in the amount of $49,550.00.[3]

FURTHER, IT IS ORDERED:

(1) The defendants' request to depose Mr. Garnett is DENIED; and

(2) The plaintiffs' request for costs is DENIED.

---

[3] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 7, 2013.

                                             BY THE COURT:

                                             s/ Boyd N. Boland
                                             United States Magistrate Judge