IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02438-PAB-BNB

ALVIN MOSCH,
PATRICIA C. MOSCH, and
DAVID K. MOSCH, each individually and d/b/a MOSCH MINING COMPANY,

Plaintiffs,

v.

JOHN HENRY, a/k/a JOHN T. HENRY a/k/a JOHN L. HENRY,
UNITED STATES REAL ESTATE CORPORATION, and any one claiming by or through any of the named persons,

Defendants.
_____

**ORDER**
_____

This matter arises on the plaintiffs' **Motion for Permission for Clerk to Issue Writ of Execution** [Doc. # 167, filed 5/28/2013] (the "Motion"), which is DENIED.

According to the Motion, the plaintiffs received a judgment, including costs, in the amount of $51,240.62, and a judgment lien has been perfected. In addition, the plaintiffs argue:

> 4. While FRCP 69 is silent on the proper procedure to be followed, it does direct that the Clerk of the Court issue a Writ of Execution upon application of the successful judgment creditor. Plaintiffs now seek this Court's permission for such action by the clerk of the court.
>
> 5. Plaintiffs have no other effective remedy at law.

Motion [Doc. # 167] at ¶¶4-5. Finally, the plaintiffs have attached a proposed form of Writ of Execution directed to the United States Marshal for the District of Colorado commanding that he:

> [L]evy upon the property, goods, chattels, lanes and tenements of the above named defendants, John Henry, aka John T. Henry, aka John L. Henry; and United States Real Estate Corporation, and anyone claiming by or through any of the named persons, found in your district to enforce the payment of the judgment obtained against said defendants John Henry, aka John T. Henry, aka John L. Henry; and United States Real Estate Corporation, and anyone claiming by or through any of the named persons and in favor fo the above-named plaintiffs Alvin Mosch, Patricia C. Mosch, and David K. Mosch, in the principal sum of $49,300.00, with costs taxed of $1940.62, together with interest of eight (8%) per annum from the date of the entry of said judgment on April 10, 2013. Said judgment now remains unsatisfied on the records of this office.
>
> That you make a return of the Writ of Execution, showing in what manner you have executed the same, and upon what property of the defendants, you have made levy and/or money received. Also you shall include you fees which shall be taxed as costs. That you file this Writ with the Clerk of this Court within 90 days.

Writ of Execution [Doc. # 167-1].

The Motion [Doc. # 167] misapprehends post-judgment collection procedures. The United States Marshal does not act as a private litigant's investigator to locate and execute on a judgment debtor's property. To the contrary, Fed. R. Civ. P. 69 provides that "[t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located. . . ." Post-judgment exection in Colorado is controlled by Rule 69, Colo. R. Civ. P., which includes elaborate and effective tools for a judgment creditor to discover and execute on the property of a judgment debtor. The plaintiffs here must comply with the Colorado execution procedures as they have been adopted through Fed. R. Civ. P. 69.

IT IS ORDERED that the Motion [Doc. # 167] is DENIED.

Dated May 30, 2013.

                              BY THE COURT:

                              s/ Boyd N. Boland
                              United States Magistrate Judge