IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02438-PAB-BNB

ALVIN MOSCH,
PATRICIA C. MOSCH, and
DAVID K. MOSCH, each individually and d/b/a MOSCH MINING COMPANY,

Plaintiffs,

v.

JOHN HENRY, a/k/a JOHN T. HENRY a/k/a JOHN L. HENRY,
UNITED STATES REAL ESTATE CORPORATION, and any one claiming by or through any of the named persons,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on the following:

(1)  **Claims of Exemptions for John T. Henry and United States Real Estate Corporation** [Doc. # 179, filed 11/12/2013];

(2)  **Claims of Exemptions for John T. Henry and United States Real Estate Corporation** [Doc. # 180, filed 11/12/2013];

(3)  **Claims of Exemptions for John T. Henry and United States Real Estate Corporation** [Doc. # 181, filed 11/12/2013];

(4)  **Claims of Exemptions for John T. Henry and United States Real Estate Corporation** [Doc. # 182, filed 11/12/2013];

(5)  **Claims of Exemptions for John T. Henry and for John T. Henry, President of United States Real Estate Corporation, Pro Se** [Doc. # 185, filed 11/20/2013];

(6) **Claims of Exemptions for John T. Henry Pro Se and for John T. Henry, President of United States Real Estate Corporation, Pro Se** [Doc. # 190, filed 11/22/2013];

(7) **Claims of Exemptions for John T. Henry Pro Se and for John T. Henry, President of United States Real Estate Corporation, Pro Se** [Doc. # 191, filed 11/25/2013];

(8) **Claims of Exemptions for John T. Henry Pro Se and for John T. Henry, President of United States Real Estate Corporation, Pro Se** [Doc. # 192, filed 11/25/2013];

(9) **Claims of Exemptions for John T. Henry Pro Se and for John T. Henry, President of United States Real Estate Corporation, Pro Se** [Doc. # 193, filed 11/25/2013];

(10) **Claims of Exemptions for John T. Henry Pro Se and for John T. Henry, President of United States Real Estate Corporation, Pro Se** [Doc. # 195, filed 11/26/2013];

(11) **Claims of Exemptions for John T. Henry Pro Se and for John T. Henry, President of United States Real Estate Corporation, Pro Se** [Doc. # 196, filed 11/26/2013] (collectively, the "Claims of Exemption"); and

(12) **Plaintiffs' Reply to Defendants' Claim of Exemption** [Doc. # 183, filed 11/13/2013] (the "Reply").

Judgment entered in favor of the plaintiffs and against the defendants [Doc. # 153] declaring certain documents recorded by Mr. Henry to be spurious and invalid and ordering that they be released pursuant to 38-35-204(2), C.R.S. In addition, the plaintiffs were awarded their costs of $1,940.62 [Doc. # 164] and attorneys fees in the amount of $49, 200.00. Order [Doc. # 165].

In order to execute on the award of fees and costs, the plaintiffs obtained a writ of execution calling for the sale of certain mining claims and a right to use the Lucania Tunnel.

Writ of Execution [Doc. # 173]. They also obtained and served on the defendants a Notice of Levy [Doc. # 177]. In response, Mr. Henry, purporting to act for himself and on behalf of United States Real Estate Corporation ("USREC"), filed the numerous Claims of Exemption.

Initially, Mr. Henry has been cautioned before that USREC may appear only through counsel. D.C.COLO.LCivR 11.1(a); Wallic v. Owens-Corning Fibreglass Corp., 40 F. Supp. 2d 1185, 1188 (D. Colo. 1999)("[A] corporate defendant . . . [can] only appear by counsel admitted to the bar of this court"). I construe the Claims of Exemption as filed on behalf of Mr. Henry alone.

I set the Claims of Exemption for hearing on November 25, 2013, at 2:30 p.m., and I required that Mr. Henry appear at the hearing in person. The hearing occurred as scheduled; plaintiffs' counsel appeared; but Mr. Henry failed to appear. Consequently, I deem the Claims of Exemption as abandoned, and they should be denied for that reason.

In any event, the Claims of Exemption fail on the merits. The property to be executed on is composed solely of mining claims and the right to use a mining tunnel. There is no evidence that the property is homestead property or otherwise exempt from execution. Nor do the plaintiffs seek to execute on Social Security benefits or exempt pension funds.

Mr. Henry attempts to excuse his failure to appear at the November 25 hearing based on his age, ill health, and the ill health of his wife. A review of the record in this case demonstrates that Mr. Henry has been a difficult pro se litigant. I deemed it necessary for him to appear in person so that I could control his conduct. If he was unable to travel to attend the hearing in person, he could have retained counsel to appear on his behalf, but he did not. If he is sufficiently ill as to be unable to manage his affairs, his remedy is to seek the appointment of a

conservator and have the conservator act on his behalf. His ill health will not be allowed to bring to a standstill the legitimate business of the court on this matter. The evidence concerning his wife's health indicates that she is scheduled for surgery in April 2014, months from now.

I respectfully RECOMMEND[1] that the Claims of Exemption [Doc. ## 179, 180, 181, 182, 185, 190, 191, 192, 193, 195, and 196] be DENIED; the stay imposed by section 13-55-103, C.R.S., be lifted; and the Marshal be directed to undertake all necessary proceedings to sell the property.

In addition, IT IS ORDERED that any request contained in the Claims of Exemption that Mr. Henry to be relieved from the obligation to appear at the November 25 hearing, or that he be allowed to appear at that hearing by telephone, are DENIED.

Dated December 3, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).