IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02438-PAB-BNB

ALVIN MOSCH,
PATRICIA C. MOSCH,
DAVID K. MOSCH,
Each Individually and dba Mosch Mining Company,

    Plaintiffs,

v.

JOHN HENRY, aka John T. Henry, aka John L. Henry,
UNITED STATES REAL ESTATE CORPORATION, and
any one claiming by or through any of the named persons,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge and Order (the "Recommendation") [Docket No. 197] filed on December 3, 2013. The magistrate judge recommends that the Court deny the Claims of Exemption [Docket Nos. 179-82, 185, 190-93, 195-96][1] filed by defendant John Henry, lift the stay imposed pursuant to Colo. Rev. Stat. § 13-55-103 [Docket No. 184], and direct the United States Marshal for the District of Colorado to undertake all necessary proceedings to sell the property subject to execution. See Docket Nos. 170-73 and 177. On December 9, 2013, Mr. Henry filed timely objections [Docket No.

---

[1] Mr. Henry filed a set of identical claims of exemption on December 3, 2013. See Docket Nos. 198-206 and 211-12.

215] to the recommendation.[2]  No other objections have been filed.

In light of Mr. Henry's pro se status, the Court reviews his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).  However, the Court may not act as a pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's filings] or construct a legal theory on [his] behalf."  *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("[i]t does not appear that Congress intended to require district court review of a

---

[2]Mr. Henry also filed several documents on December 3, 2013 that do not appear to be objections to the Recommendation, but rather arguments regarding the merits of the underlying case.  *See* Docket Nos. 207-209 and 213-14 ("Violation of John Henry's Constitutional Rights - Due Process Clause"); Docket No. 210 ("Statute of Limitations and Lachees [sic] - Claim Exemption").  Final judgment entered in this case on February 6, 2013, ten months before defendant sought to raise these arguments, and defendant has not filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60.  As arguments on the merits of the underlying judgment do not address the basis for the Recommendation, they are not proper objections and the Court will not consider them in this Order.

magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

The facts of this case are set forth in detail in the Recommendation of United States Magistrate Judge [Docket No. 144] and will not be recited here. Mr. Henry objects to the Recommendation on the grounds that he should be permitted to represent defendant United States Real Estate Corporation ("USREC") in these proceedings because he is the sole owner of the company. As the magistrate judge explained, it is a "long-standing rule" in the Tenth Circuit that a "corporation must be represented by an attorney to appear in federal court." *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006); *see also Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). Since Mr. Henry is not an attorney, he cannot represent USREC in these proceedings, regardless of his sole ownership of the enterprise. *See id*. Accordingly, this objection is unavailing.

Mr. Henry seeks to reintroduce arguments on the underlying merits of the case that the Court has already considered and rejected. *Compare* Docket No. 215 at 3-4 *with* Docket No. 149 at 2-3 *and* Docket Nos. 144 and 152. These arguments do not concern the specific bases for the Recommendation currently before the Court and do not trigger the right to de novo review under Rule 72(b)(3). *See Thomas*, 474 U.S. at 147. In addition, Mr. Henry generally disputes the magistrate judge's conclusions without setting forth a specific legal or factual contention. *See, e.g.*, Docket No. 215 at

2 ("For reasons assigned I make a motion again for a complete de novo appeal, review and a trial de novo."); *id.* at 2 ("The claims do not fail by their merits."). These are not proper objections because they do not draw the Court's attention to the particular issues at the heart of the parties' dispute. *See 2121 East 30th St.*, 73 F.3d at 1059.

The Court has reviewed the substantive discussions in the Recommendation and has found that there is "no clear error on the face of the record."[3] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 197] is ACCEPTED. It is further

**ORDERED** that the Claims of Exemption [Docket Nos. 179-82, 185, 190-93, 195-96, 198-206, and 211-12] filed by defendant John Henry are DENIED. It is further

**ORDERED** that the stay imposed pursuant to Colo. Rev. Stat. § 13-55-103 [Docket No. 184] is lifted. The United States Marshal for the District of Colorado is directed to undertake all necessary proceedings to sell the property subject to execution.

DATED December 12, 2013.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge

---

[3] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).