IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02438-PAB-BNB

ALVIN MOSCH,
PATRICIA C. MOSCH,
DAVID K. MOSCH,
Each Individually and dba Mosch Mining Company,

    Plaintiffs,

v.

JOHN HENRY, aka John T. Henry, aka John L. Henry,
UNITED STATES REAL ESTATE CORPORATION, and
any one claiming by or through any of the named persons,

    Defendants.

## ORDER

This matter is before the Court on defendant John Henry's motion for relief from judgment [Docket No. 220]. Mr. Henry seeks relief from the Final Judgment [Docket No. 153] and from the Court's December 12, 2013 Order [Docket No. 217] adopting the Recommendation of United States Magistrate Judge Boyd N. Boland [Docket No. 197] (the "Recommendation").

A party may move to alter or amend the final judgment of a district court under Federal Rule of Civil Procedure 59 within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e); *see Middlebrooks v. Godwin Corp.*, 279 F.R.D. 8, 11 n. 3 (D.D.C. 2011) (reviewing motion for reconsideration of remand under Federal Rules of Civil Procedure 59 and 60). In order to succeed on a motion brought pursuant to Rule 59, a party must show either "(1) an intervening change in the controlling law, (2) new evidence

previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The rule does not, however, provide a license to revisit arguments that were already addressed or to advance new arguments that could have been raised but were not. *Id.*

A party may also seek relief from a final order or judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect" pursuant to Rule 60(b)(1); *see Disher v. Citigroup Global Markets, Inc.*, 486 F. Supp. 2d 790, 796 (S.D. Ill. 2007) (reviewing motion to reconsider remand order under Rule 60). The rule "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (emphasis in original). Rule 60(b)(1) does not "allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Id.* A motion pursuant to Rule 60(b)(1) must be filed "within a reasonable time . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c).

Mr. Henry filed the instant motion on December 18, 2013, seeking relief from the Final Judgment, Docket No. 153, entered on February 6, 2013, and from the Court's December 12, 2013 Order. Mr. Henry's motion is timely under Rule 60 with respect to the Final Judgment and under Rule 59 with respect to the December 12, 2013 Order.

Mr. Henry seeks relief on the following grounds: "Alvin Mosch and Mosch Mining

are guilty of malicious interference in the affairs of John Henry and Sihoh Recovery's transaction," Docket No. 220 at 1, ¶ 1; "Alvin Mosch and Mosch Mining have on July 25, 1994 given as grantors to Sihoh Recovery Inc. as grantees, the exclusive rights of mineral values located on or within the mining claims described within the prospectus," *id*. at 2, ¶ 5; and "Alvin Mosch and Mosch Mining have no ownership of the property in this case." *Id*. at 2, ¶ 6. Mr. Henry states that he pled these defenses "early on in this civil action." *Id*. at 1, ¶ 4; *see also id.* at 2, ¶ 7 ("Reasons already pled and filed in this case.").

Mr. Henry does not state that there has been a change in the law, that he wishes to submit new evidence that was previously unavailable, or that he is seeking relief from an excusable litigation mistake. See Docket No. 220. Instead, Mr. Henry attempts to revisit and reassert arguments that he has raised before and that the Court has already rejected. This is not a valid basis for obtaining relief under either Rule 59 or Rule 60. *See Servants of the Paraclete*, 204 F.3d at 1012; *Cessna Fin. Corp.*, 715 F.2d at 1444. As Mr. Henry has not satisfied the standards set forth under Federal Rules of Civil Procedure 59 or 60 for securing relief from judgment, it is

**ORDERED** that Relief from Judgment and Motions for Vacating Judgments [Docket No. 220] filed by defendant John Henry is DENIED.

DATED April 1, 2014.

              BY THE COURT:

              s/Philip A. Brimmer
              PHILIP A. BRIMMER
              United States District Judge